IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CRAIG ZOGOPOULOS,
and others similarly situated,

    Plaintiffs,

v.                                                    C.A. No.: 1:22-cv-557
**COLLECTIVE ACTION**

WATERLOO CAR WASH, LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CRAIG ZOGOPOULOS (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through her undersigned counsel, hereby sues Defendant, WATERLOO CAR WASH, LLC, (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

**INTRODUCTION**

1. This is a collective action by Plaintiff, and others similarly situated, against their employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

**JURISDICTION**

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, WATERLOO CAR WASH, LLC, has offices located in Travis County, Texas.

## THE PARTIES

4. Plaintiff is an individual residing in Travis County, Texas.

5. Plaintiff was at all times material employed by Defendant from March 12, 2019, to the present, as a "Detail Manager" at the regular rate of $10.50 per hour, plus tips, in Travis County, Texas.

6. Defendant, WATERLOO CAR WASH, LLC, is a corporation existing under the laws of the State of Texas and maintains offices in Travis County, Texas.

7. Defendant, WATERLOO CAR WASH, LLC, operates three car washes in within Travis County, Texas, and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendants, WATERLOO CAR WASH, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff is employed.

9. At all times material to this complaint, Defendant, WATERLOO CAR WASH, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, WATERLOO CAR WASH, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. Defendant, WATERLOO CAR WASH, LLC, had knowledge of Plaintiff's

work and accepted the benefits of Plaintiff's work.

12. At all times material to this Complaint, Defendant was the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendant for his employment.

13. At all times material to this complaint, Defendant employed workers who handled imported goods, which during their existence, had been shipped to Texas in interstate commerce. Specifically, Plaintiff handled and utilized, *inter alia*, vehicles which were produced outside the state of Texas, *e.g.*, Ford, Chevrolet, Toyota, etc., which are manufactured outside of the state of Texas. Plaintiff used materials to perform his job duties such as NiTEO car polishes (made in the U.S.A. from foreign and domestic materials); Turtle Wax (made in Addison, Illinois); Member's Mark detergent from Sam's West, Inc. (distributed from Benton, Arkansas); Scotch Magic Tape (made in the U.S.A. from globally sourced products and distributed from St. Paul, Minnesota); and Polyguard Paint Sealer (manufactured in Florence, Kentucky).

14. At all times material to this Complaint, Defendant, WATERLOO CAR WASH, LLC, was the employer of the Plaintiff and others similarly situated, and, as a matter of economic reality, Plaintiff and others similarly situated were dependent upon Defendants for their employment.

15. Defendant uses a kiosk type time-keeping software applications. Each employee is provided with an employer number. That employer number is used by the employee to clock in and clock out through kiosk terminals located at various locations around Defendants' business. Plaintiff, and all others similarly situated, used the kiosk

terminals to clock in and out. Defendant, through its managers and agents, would use their ability to edit the time records of the Plaintiff and all others similarly situated to reduce the amount of time worked. Thus, paying Plaintiff and all others similarly situated for less time than the actual amount of overtime worked resulting in the Plaintiff and others similarly situated to be not compensated at a rate of one and one-half time their regular rates for each hour of overtime worked.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT

16. Plaintiff re-alleges and incorporates herein paragraphs 1-15, *supra*.

17. Beginning on or about March 12, 2019, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff and others similarly situated at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 in a workweek.

18. Those workers who were affected by the Defendant's pay practice described herein were classified in the following job titles: (1) Detail Managers; (2) Detailers; (3) Towel Dryers; (4) Preppers; (5) Service Writers; and, (5) Maintenance Persons. Defendant employs an estimated 60 workers in these six positions.

19. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER EMPLOYEES OF WATERLOO CAR WASH, LLC, WHO WERE EMPLOYED AS (1) DETAIL MANAGERS; (2) DETAILERS; (3) TOWEL DRYERS; (4) PREPPERS; (5) SERVICE WRITERS; AND, (5) MAINTENANCE PERSONS JUNE 8, 2019, TO THE PRESENT AND WERE NOT COMPENSATED FOR ALL WORK IN

EXCESS OF 40 HOURS IN ANY WORKWEEK AT A RATE NOT LESS THAN ONE AND ONE-HALF OF THEIR REGULAR RATE FOR ALL OVERTIME HOURS WORKED.

20. This action is properly brought as a collective action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable.

   b. Numerous questions of law and fact regarding the liability of WATERLOO CAR WASH, LLC, are common to the Class and predominate over any individual issues which may exist.

   c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from WATERLOO CAR WASH, LLC's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

   d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

   e. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for WATERLOO CAR WASH, LLC

   f. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

   g. WATERLOO CAR WASH, LLC, acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

21. For the foregoing reasons, Plaintiff shall seek an order from this Court authorizing Plaintiff to issue class notification of this action as an "opt-in" collective action

pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff. Class notice of this opt-in collective is appropriate because Plaintiff's claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendant's common practice, policy or plan regarding employee wages and hours.

22. In addition to the named Plaintiff, numerous employees and former employees of Defendant are similarly situated to Plaintiff in that they have been denied overtime compensation while employed by Defendant.

23. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

24. Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as employers under the FLSA.

25. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

26. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

27. As a result of Defendant's unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

28. Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, CRAIG ZOGOPOULOS, and all others similarly situated, demand Judgment against Defendant, WATERLOO CAR WASH, LLC, for the following:

a. Determining that the action is properly maintained as or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b. Determine, based on all available evidence, whether and to whom the opt-in notice should be distributed;

c. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e. Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

29. Plaintiff re-alleges and incorporates herein paragraphs 1-15, *supra*.

30. This is an action by Plaintiff, CRAIG ZOGOPOULOS, against Defendant,

WATERLOO CAR WASH, LLC, for breach of contract.

31. This claim is properly before this Court pursuant to 28 U.S. Code § 1367, as it are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

32. On or about March 12, 2019, Defendant, WATERLOO CAR WASH, LLC's management offered to pay Plaintiff as a "Detail Manager" at the regular rate of $10.50 per hour, plus tips.

33. Plaintiff accepted the offer set forth on paragraph 32, *supra*.

34. Defendant, WATERLOO CAR WASH, LLC, breached the parties' agreement by requiring Plaintiff to perform work off-the-clock for which he was not compensated at all.

35. As a result of Defendant, WATERLOO CAR WASH, LLC's breach of the Parties' contract, Plaintiff has been damaged.

36. Plaintiff is entitled to recover her reasonable attorney's fees incurred as a result of brining this claim pursuant to § 38.001(2), (8) of the Texas Civil Practice and Remedies Code.

37. All conditions precedent to this contract have occurred, have been waived or have lapsed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, WATERLOO CAR WASH, LLC, for the following:

    a. Awarding Plaintiff, CRAIG ZOGOPOULOS, his unpaid wages, compensatory damages, attorneys' fees and litigation expenses as provided by law;

b.  Awarding Plaintiff, CRAIG ZOGOPOULOS, pre-judgment interest as provided by law;

c.  Awarding Plaintiff, CRAIG ZOGOPOULOS, his reasonable attorney's fees incurred as a result of brining this claim pursuant to § 38.001(2), (8) of the Texas Civil Practice and Remedies Code.

d.  Awarding Plaintiff, CRAIG ZOGOPOULOS, such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, CRAIG ZOGOPOULOS, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted, June 2, 2022.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810

**ATTORNEYS FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CRAIG ZOGOPOULOS,
and others similarly situated,

    Plaintiffs,

v.                                                C.A. No.: 1:22-cv-557
                                                  **COLLECTIVE ACTION**

WATERLOO CAR WASH, LLC,

    Defendant.
_____/

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above representative Plaintiff and designate the class representative as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____
CRAIG ZOGOPOULOS